**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SAM MURRY,

                Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

                Defendant.

CIVIL CASE NO. 07-14126

HON. MARIANNE O. BATTANI

_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

      Before the Court is Defendant's Motion to Dismiss (Doc. # 6). Plaintiff filed suit against the Michigan Department of Corrections ("MDOC"), alleging various federal and state law claims arising out of the termination of his employment as a probation officer. After the Court issued a briefing schedule, Plaintiff requested an extension of time to file his response. The Court granted Plaintiff additional time; however, the deadline for response has passed, and Plaintiff has not filed a responsive pleading. For the reasons that follow, the Court **GRANTS** in part and **DENIES** in part Defendant's motion.

**I. INTRODUCTION**

      Plaintiff filed a form "Complaint and Motion for Other Relief," alleging Defendant discriminated against him based on his race and gender in violation of Title VII of the Civil Rights Act of 1964 and the Elliott-Larsen Civil Rights Act, MICH.COMP.L. § 37.2101 et seq., wrongful termination, harassment, retaliation, breach of contract,

1

defamation of character and mental anguish. He also alleges violations of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12111 et seq., and the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d. Attached to his Complaint, Plaintiff included a Notice of Right To Sue Letter from the United States Department of Justice in which he is advised that he has the right to institute a civil action under Title I of the ADA.

Defendant moves to dismiss Plaintiff's complaint pursuant to FED.R.CIV.P. 12(b)(1) and (12)(b)(6). It advances four arguments: 1) this Court lacks subject matter jurisdiction to hear Plaintiff's claims under Title VII because Plaintiff has failed to exhaust his administrative remedies; 2) MDOC has immunity under the Eleventh Amendment from state law claims, specifically Elliott-Larsen Civil Rights Act violations, breach of contract, defamation, and mental anguish; 3) Plaintiff's anxiety and depression were temporary conditions and therefore unprotected under the ADA; 4) Plaintiff lacks standing to bring a HIPAA claim, as the statute does not provide for a private right of action.

## II.     STANDARD OF REVIEW

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Taxpayers United for Assessment Cuts v. Austin, 994 F.2d 291, 296 (6th Cir. 1993); In re Delorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). This Court may neither weigh evidence nor assess the credibility of witnesses, but must view the evidence in the light most favorable to the nonmovant. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.). All factual allegations in plaintiff's complaint are deemed true and any ambiguities must be resolved in plaintiff's favor. Jackson v. Richards Medical Co., 961 F.2d 575, 577 (6th Cir. 1992). Moreover, a pro se litigant's complaint is to be construed liberally and is held to a "less stringent standard" than those drafted by attorneys. Haines v Kerner, 404 US 519, 520-21 (1972). Nevertheless, such complaints must plead facts sufficient to show a cognizable legal wrong has been committed from which plaintiff may be granted relief. Id.

### III. ANALYSIS

#### A. Title VII

In order for a federal court to exercise subject matter jurisdiction over an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). claim, the complaining employee must first (1) timely file a charge with the EEOC setting forth the facts and nature of the allegations of discrimination; and (2) receive notice of the right to sue. Ang v. Procter & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991). The timely filing of an administrative complaint is a procedural prerequisite to bringing a Title VII action in federal court. See Benford v. Frank, 943 F.2d 609, 612 (6th Cir. 1991); Rasimas v. Michigan Dep't of Mental Health, 714 F.2d 614, 620 (6th Cir. 1983).

In assessing whether a plaintiff has satisfied his obligation to raise his charges at the administrative level, the courts are mindful that charges filed by complainants without legal representation, should not "result in the restriction of subsequent complaints based on procedural technicalities or the failure of the charges to contain the exact wording which might be required in a judicial pleading." EEOC v. McCall Printing Corp., 633 F.2d 1232, 1235 (6th Cir. 1980). Therefore, this Court liberally construes whether the charges advanced here are "reasonably expected to grow out of the charge of discrimination" advanced by Platntiff at the administrative level. Id. (quoting EEOC v. Bailey Co., 563 F.2d 439, 446 (6th Cir. 1977)). They do not.

Plaintiff's Complaint includes no document supporting the existence of a charge filed with the EEOC that alleges claims of race or gender discrimination, harassment, or retaliation under Title VII, nor has he produced a right to sue letter relative to these claims. Plaintiff has produced an EEOC right to sue letter regarding his claims of wrongful termination and denial of reinstatement under the ADA. Plaintiff also filed an EEOC Determination letter, dated May 11, 2007, which states that the "charging party alleges that he was discharged and denied reinstatement based on his disability, in violation of the American With Disabilities Act of 1990, as amended." Plaintiff further provides evidence of a failed conciliation attempt between the parties of his charge filed under the ADA by the EEOC.

The claims brought under Title VII, even given a broad reading, cannot be "reasonably [be] expected to grow out of" Plaintiff's charge of discrimination based upon disability. Plaintiff's allegations of wrongful termination and failure to be reinstated under the ADA bear no likeness to claims of race and gender

4

discrimination, harassment, or retaliation under Title VII.   Therefore, Plaintiff's Title VII claims are dismissed.

### B.  Plaintiff's State Claims

Defendant asserts that Plaintiff's Elliott-Larsen Civil Rights Act, breach of contract, defamation, and mental anguish claims should be dismissed because the MDOC, as a State agency, has Eleventh Amendment immunity.  This Court agrees.

The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, . . . "by citizens of another State, foreigners or its own citizens." Thiokol Corp. v. State of Mich. Dep't of Treasury, 987 F.2d 376, 381 (6th Cir. 1993), citing U.S. CONST. amend. XI. "[ T]he States' constitutional immunity from suit prohibits all state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature." Ernst v. Rising, 427 F.3d 351, 368 (6th Cir. 2005).  Although the Eleventh Amendment has no application when the state has waived its Eleventh Amendment Immunity, or when Congress has overridden the states' immunity, those exceptions are not relevant here.

Accordingly, the Eleventh Amendment bars Plaintiff's breach of contract, tort, and Elliott-Larsen Civil Rights claims against Defendant Michigan Department of Corrections.  They are dismissed pursuant to FED.R.CIV. P. 12(b)(1).

### C.     Plaintiff's ADA Claim

To qualify as a person with a disability under the ADA, an individual must have a "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2).

> According to the EEOC regulations, "substantially limit[ed]" means "[u]nable to perform a major life activity that the average person in the general population can perform"; or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 CFR § 1630.2(j) (2001). In determining whether an individual is substantially limited in a major life activity, the regulations instruct that the following factors should be considered: "[t]he nature and severity of the impairment; [t]he <u>duration or expected duration</u> of the impairment; and [t]he permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment." §§ 1630.2(j)(2)(i)-(iii).

<u>Toyota Motor Mfg., Ky., Inc. v. Williams</u>, 534 U.S. 184, 195-97 (2002) (emphasis added).

Here, Defendant argues that Plaintiff cannot satisfy the standard due to the temporary nature of his impairment. Specifically, it contends that Plaintiff is not a qualified individual with a disability because his depression was of a temporary nature with symptoms controlled by medication and therapy. Defendants directs the Court's attention to the letter from Plaintiff's physician, which was submitted with his complaint. It states clearly that Plaintiff experienced symptoms of anxiety and depression for a three month period from August, 2005 until November, 2005. The doctor additionally notes, "Treatment was rendered during these months with full recovery."

For purposes of this dismissal motion, looking at the allegations in a light most favorable to Plaintiff, The Court finds that Plaintiff has satisfied his pleading burden.

6

The Supreme Court has held that the individualized determination of disability focuses on the medical condition's actual effect on the specific plaintiff. See e.g. Sutton v. United Air Lines, Inc., 527 U.S. 471, 488-89 (1999) (holding that mitigating or corrective measures must be taken into account in judging whether an individual possesses a disability because doing otherwise would "run[ ] directly counter to the individualized inquiry mandated by the ADA"); Albertsons, Inc. v. Kirkingburg, 527 U.S. 555 (1999) (holding that the ADA imposes a statutory obligation to determine the existence of disabilities on a case-by-case basis, based upon the actual effect of the impairment on the life of the individual in question). Thus, whether a plaintiff has a disabling condition is an individualized inquiry. Sutton, 527 U.S. at 483. Although depression, stress, and anxiety might not constitute a disability for everyone who has it, it might be a disability for Murry. See Cotter v. Ajilon Svcs., Inc., 287 F.3d 593, 598 (6th Cir. 2002). Thus, Defendant's argument fails to show that Plaintiff's claim must be dismissed at this stage of the proceedings. Further, he need not advance all the evidence he has to support his claim when filing his Complaint. The Court denies Defendant's request to dismiss this claim prior to factual development of this claim.

**D. Health Insurance Portability and Accountability Act (HIPAA)**

Defendant asserts that Plaintiff has no private right of action under the HPPA statute; consequently, his claim must be dismissed. The law supports Defendant's assertion.

HIPAA focuses "on regulating persons that have access to individually identifiable medical information and who conduct certain electronic health care transactions." Acara v. Banks, 470 F.3d 569 (5th Cir. 2006), citing 42 U.S.C. §

1320d-1. Although it includes civil and criminal penalties for improper disclosures of medical information, 42 U.S.C. §§ 1320d-5, d-6, it "limits enforcement of the statute to the Secretary of Health and Human Services." Id. The statute contains no express language conferring privacy rights upon a specific class of individuals, and courts have relied on these factors in holding that Congress intended to preclude private enforcement. Acara, 479 F.3d at 571. See, e.g., Agee v. United States, 72 Fed.Cl. 284 (2006); Walker v. Gerald, No. 05-6649, 2006 WL 1997635 (E.D. La. June 27, 2006); Poli v. Mountain Valleys Health Ctrs., Inc., No. 05-2015-GEB-KJM, 2006 WL 83378 (E.D. Cal. Jan.11, 2006); Cassidy v. Nicolo, No. 03-CV-6603-CJS, 2005 WL 3334523 (W.D.N.Y. Dec.7, 2005); Johnson v. Quander, 370 F.Supp.2d 79 (D.D.C.2005); Univ. of Colo. Hosp., 340 F.Supp.2d 1142 (D. Colo.2004); O'Donnell v. Blue Cross Blue Shield of Wyo., 173 F.Supp.2d 1176 (D. Wyo.2001); Means v. Ind. Life & Accident Ins. Co., 963 F.Supp. 1131 (M.D. Ala.1997); Wright v. Combined Ins. Co. of Am., 959 F.Supp. 356 (N.D. Miss.1997).

Because Plaintiff lacks standing to bring a private cause of action under HIPAA, his claim is dismissed.

## IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's Title VII, state law and HIPAA VII claims and **DENIED** as to Plaintiff's ADA claim**.**

**IT IS SO ORDERED.**

                                s/Marianne O. Battani
                                MARIANNE O. BATTANI
                                UNITED STATES DISTRICT JUDGE


DATED: 1/11/08

**CERTIFICATE OF SERVICE**

    Copies of this Order were mailed to Plaintiff and Cynthia A. Arcaro on this date by ordinary mail and electronic filing.

                                s/Colette Motowski
                                     SECRETARY