UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL MURRY,

       Plaintiff,                          CIVIL ACTION NO. 07-14126

    v.                                  DISTRICT JUDGE MARIANNE O. BATTANI

MICHIGAN DEPARTMENT          MAGISTRATE JUDGE VIRGINIA MORGAN
OF CORRECTIONS,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This is a *pro se* employment action brought under various federal and state law in which plaintiff alleges that defendant unlawfully terminated plaintiff's employment as a probation officer. This matter is before the Court on Defendant's Motion for Sanctions (D/E #25). Defendant seeks the sanction of dismissal for plaintiff's failure to cooperate in the discovery process. Plaintiff has not filed a response to defendant's motion and the time for filing a response has passed. For the reasons discussed below, this Court recommends that defendant's motion for sanctions be **GRANTED** and that plaintiff's case be dismissed.

### II. Background

On September 28, 2007, plaintiff filed the complaint in this matter (D/E #1). In that complaint, plaintiff asserts that he worked for defendant as a probation officer from November 24, 2002 until January 26, 2006. According to plaintiff he was harassed and accused of

-1-

falsification of documentation during his employment before being fired. Plaintiff alleges that defendant's termination of plaintiff's employment and other acts, including a refusal to reinstate plaintiff, constituted discrimination on the basis of plaintiff's disability, race, color and gender.

On May 9, 2008, defendant filed a motion to compel plaintiff to participate in discovery by responding to defendant's first set of interrogatories and request for production of documents, providing a witness list, and appearing for a deposition (D/E #14). On May 14, 2008, after noting that defendant had never been informed of plaintiff's change of address, this Court denied defendant's motion without prejudice and ordered that defendant re-serve its discovery requests on the plaintiff and that plaintiff respond to the requests within thirty (30) days of receipt of these documents (D/E #15).

On August 5, 2008, defendant filed a second motion to compel and, again, seeking to compel plaintiff to participate in discovery by responding to defendant's first set of interrogatories and request for production of documents, providing a witness list, and appearing for a deposition (D/E #20). Plaintiff asserted in his response (D/E #22) that defendant had never resubmitted the discovery requests, but defendant attached the discovery requests and proof of service as an exhibit to its motion. Plaintiff also asserted that he has sent plaintiff a witness list, but he provides no evidence in support of that assertion. Plaintiff also requested in his response that his deposition being conducted over the telephone because of the undue hardship traveling to Michigan would cause plaintiff.

On August 27, 2008, this Court granted defendant's motion to compel (D/E #24) after finding that plaintiff had failed to comply with the Court's order of May 14, 2008. This Court ordered plaintiff to respond to the discovery requests and file a witness list within thirty (30)

days of August 27, 2008. This Court also ordered that plaintiff appear for a deposition within sixty (60) days of August 27, 2008 after noting that plaintiff chose to file this action in the United States District Court for the Eastern District of Michigan and, as a normal rule, a plaintiff is required to make himself or herself available for examination in the district in which suit was brought. The Court also noted that, while the Court was not ordering plaintiff to pay defendant's costs and fees at that time, plaintiff was being put on notice that any further failure to participate in the discovery process might result in sanctions.

On October 3, 2008, defendant filed the motion for sanctions pending before the Court (D/E #25). In that motion, defendant asserts that plaintiff failed to file a witness list or answer defendant's first interrogatories or discovery requests within thirty days of August 27, 2008 as ordered by the Court. Defendant also asserted that plaintiff had refused to appear at his second scheduled deposition because of the "undue hardship" traveling up to Michigan would cause him. Defendant argues that plaintiff's complaint should be dismissed as a sanction for plaintiff's violations of this Court's August 27, 2008 order.

Plaintiff did not file a response to the motion for sanctions. On October 14, 2008, plaintiff did file a witness list with the Court (D/E #28) and a response to the Court's August 27, 2008 order (D/E #29). In that response, plaintiff asserted that defendant never re-served its discovery requests as ordered by the Court on May 14, 2008, and that plaintiff mailed a letter to defendant responding to the scheduled deposition.

On October 30, 2008, plaintiff filed a notification of his change in address (D/E #29). According to that notification, plaintiff is now residing in Michigan.

**III. Discussion**

Federal Rule of Civil Procedure 37 governs when a party may move for an order compelling discovery, and the sanctions available to a court if a party defies such an order. Fed. R. Civ. P. 37(b)(2)(C) authorizes a court to go so far as to dismiss a complaint or render a default judgment against a disobedient party. "The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from misconduct in the future." Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997)(citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642-43 (1976)). However, "[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." Reg'l Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 153-54 (6th Cir. 1988) (quoting Patton v. Aerojet Ordnance Co., 765 F.2d 604, 607 (6th Cir.1985)). The Sixth Circuit uses a four factor test when reviewing a decision by a district court to impose sanctions under Rule 37:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered. [Freeland, 103 F.3d at 1277 (citing Reg'l Refuse Sys. v. Inland Reclamation Co., 842 F.2d at 154-55).]

In this case, the above factors weigh in favor of dismissing plaintiff's case. Plaintiff failed to comply with this Court's August 27, 2008 order. He neither responded to the discovery

requests nor filed a witness list within thirty days of that order.  Plaintiff also refused to appear for his scheduled deposition.  Moreover, the only reasons plaintiff gave for not complying with that order, that defendant never re-served the discovery requests and that traveling to Michigan for a deposition was an undue hardship, are reasons previously rejected by this Court when it granted defendant's motion to compel.  Plaintiff's refusal to comply with this Court's order has forced defendant to expend unnecessary funds and plaintiff was expressly warned by this Court that any further refusal to participate in the discovery process might result in sanctions.  With respect to lesser sanctions, only awarding attorney's fees and costs has been previously considered by this Court and the Court declined to award such sanctions in its August, 27, 2008 order.  Instead of awarding fees and costs, the Court issued the warning to plaintiff described above.  Plaintiff chose to ignore that warning and he wilfully chose to defy the Court's order.  Therefore, looking at the four factors described in Freeland as whole, this Court recommends that plaintiff's claim be dismissed as a sanction for plaintiff's violation of a court orders and refusal to participate in the discovery process.

## IV. Conclusion

For the reasons discussed above, the court recommends that defendants' motion for sanctions be **GRANTED** and that plaintiff's case be dismissed without prejudice.  Before reinstating the case, plaintiff should pay, in addition to the filing fee, the sum of $1,500.00.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140

(1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                      s/Virginia M. Morgan
                                                      Virginia M. Morgan
                                                      United States Magistrate Judge

Dated: November 19, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on November 19, 2008.

                                                        s/Jane Johnson
                                                      Case Manager to
                                                      Magistrate Judge Virginia M. Morgan