UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM MURRY,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

        Defendant.

CIVIL CASE NO. 07-14126

HON. MARIANNE O. BATTANI

_____/

**OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

This matter is before the Court on Plaintiff's Response to Report and Recommendation (Doc. # 31). The Court has reviewed all the pleadings as well as the Magistrate Judge's Order and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, the Court **GRANTS** Defendant's Motion for Sanctions, **ADOPTS** the Report and Recommendation, and **DISMISSES** Plaintiff's Complaint.

**I. INTRODUCTION**

Plaintiff Sam Murry filed suit against his former employer, the Michigan Department of Corrections ("MDOC"), after he was terminated from his position as a probation officer. He alleges that his termination violated anti-discrimination laws. The case was referred to Magistrate Judge Virginia M. Morgan for all pretrial proceedings. See 28 U.S.C. § 636(b)(1).

1

Discovery in this case has not been completed in a timely manner, and Defendant has moved for an order dismissing Plaintiff's case as a sanction for his conduct during discovery. The Magistrate Judge recommended Defendant's motion be granted based on the record of delay in this case. The Court agrees.

The record shows that Defendant filed its first motion to compel on May 14, 2008, after Plaintiff failed to respond to discovery requests. In August 2008, MDOC filed its second motion to compel discovery after Plaintiff failed to produce discovery responses, failed to appear for his deposition, and failed to file a witness list. The Magistrate Judge issued an order compelling Plaintiff to respond to discovery, and file a witness list within 30 days. See Doc. No. 24. The order also required Plaintiff to appear for deposition within 60 days of its issuance. Id. Plaintiff failed to respond to the discovery or file a witness list. He informed Defendant that he would not attend his second scheduled deposition because of the undue hardship traveling to Michigan presented.

After Murray again failed to respond or comply with the Magistrate Judge's order, Defendant moved for sanctions. Doc. No. 25. Specifically, MDOC asks for dismissal of the complaint. Once Defendant filed its motion, Plaintiff filed a witness list. Murry also filed a response to the Court's August 27, 2008 Order, claiming that MDOC never re-served its discovery requests and that he had mailed a letter to Defendant responding to the scheduled date for his deposition. On October 30, 2008, Murry filed a notification of his change of address; he now resides in Michigan.

In a Report and Recommendation ("R&R") dated November 19, 2008, Magistrate Judge Morgan recommended that Defendant's Motion for Sanctions be granted and the complaint be dismissed. In her R&R, the Magistrate Judge noted that Plaintiff never

2

responded to Defendant's Motion for Sanctions, and that she previously rejected the reasons he advances for his failure to comply with the August 2008 Order.

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1)(C).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III.    ANALYSIS

Rule 37(b) provides in relevant part that when a party "fails to obey an order to provide or permit discovery," the court may make such orders as are "just."  FED. RULE CIV. P. 37(b)(2)(A).  Under the Rule, the Court may issue orders, which include, but are not limited to "dismissing the action or proceedings" or "rendering a default judgment against the disobedient party".  FED. RULE CIV. P. 37(b)(2)(A) (v), (vi).

In light of the fact that Rule 37(b)(2)(4)(v) explicitly allows for the sanction of dismissal if a party fails to comply with a court order, the Magistrate Judge's recommendation comports with the law.  In assessing whether the recommendation is

3

warranted, this Court considers four factors. See U.S. v. Reyes, 307 F.3d 451, 457 (6th Cir. 2002). The first factor is whether the party's failure to cooperate in discovery is due to wilfulness, bad faith, or fault. Second, a court weighs whether the adversary was prejudiced by the failure to cooperate in discovery. Third, a court examines whether the noncooperative party was advised of the consequences of its failure to cooperate. Finally, the court must consider or impose less drastic sanctions before ordering dismissal. Reyes, 307 F.3d at 458. The Court directs its attention to consideration of Plaintiff's conduct in light of the four factors listed in Reyes.

> *a. Whether Plaintiff's Failure to Comply with Discovery was Due to Willfulness, Bad Faith, or Fault.*

With respect to the first factor, a district court should not dismiss an action unless there is "a clear record of delay or contumacious conduct." Harmon v. CSX Transp., Inc., 110 F.3d 364, 367 (6th Cir. 1997) (citations omitted). Because dismissal is a sanction of last resort, the court should impose this sanction if, and only if, it "concludes that the party's failure to cooperate in discovery was willful, in bad faith or due to its own fault." Beil v. Lakewood Eng'g and Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994).

Undoubtedly, Plaintiff's conduct establishes a clear record of delay. This case has been pending for well over a year without progress. The scheduling order contemplated that discovery would be concluded by this time and that dispositive motions could be filed in June 2008. The date was adjourned to August 2008 because discovery could not progress without Plaintiff's cooperation.

In addition to establishing a clear record of delay, the facts also indicate contumacious conduct on the part of Plaintiff. In this case, the Court finds Murry's

4

conduct reveals an intentional disregard for the effect of his conduct on these proceedings. See Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008) (quoting Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005)). Here, Murry has failed to comply with three Court Orders. In sum, he has failed to present himself in the Eastern District of Michigan for deposition; he has failed to appear before the deadline specified in a Court order; and after requesting and receiving an extension of time, he still failed to appear within the additional 30 days granted by this Court. These facts undermine Murry's assertion that his return to Michigan to be more accessible demonstrates his good faith. His move simply is too little, too late. Plaintiff selected this forum; he filed this matter in the Eastern District of Michigan. He delayed and hampered discovery throughout the pendency of his lawsuit. The fact that this forum became inconvenient for him in no way provides an excuse for his failure to cooperate, and the fact that he recently returned to this forum making it once again convenient likewise provides no excuse for his failure to cooperate.

*b. Whether Defendants Have Been Prejudiced by Plaintiff's Conduct*

This is not a situation wherein Defendant merely has been inconvenienced by Plaintiff's delay; Defendant has been unable to gather basic information from Plaintiff about his claims. Defendant remains unable to discern the factual basis for Plaintiff's lawsuit, and the Court finds that MDOC has have been prejudiced by Plaintiff's failure to comply with the rules of discovery.

*c. Whether Plaintiff was Warned that Failure to Cooperate Could Lead to Dismissal*

5

Magistrate Judge Morgan warned Plaintiff about the consequences of his failure to cooperate with discovery before the instant motion was filed. Specifically, the August 2008 Order notified Plaintiff that his failure to participate in the discovery process could result in sanctions.

> *d. Whether Less Drastic Sanctions Were Imposed or Considered Before Dismissal was Ordered.*

The record reflects that other sanctions were considered before Defendant filed its Motion for Sanctions. For example, the Magistrate Judge declined to award attorney fees and costs in the August 27, 2008, Order, in which she warned Murry that sanctions could be imposed. Moreover, case law does not require courts to impose progressive sanctions. Under these facts, dismissal is not too drastic of a measure.

## IV. CONCLUSION

The Court **ADOPTS** the Report and Recommendation. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions is **GRANTED**. Plaintiff's complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATED: June 25, 2009

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed to Plaintiff and Cynthia A. Arcaro on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt

DEPUTY CLERK
